[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPT FOR FAILURE TO OBEY ORDER
In this action, the plaintiff, State of Connecticut (State) sought to enforce a subpoena of dental records created by the defendant, a dentist, on behalf of a patient. The court issued an order to the defendant directing him to permit the state to enter his dental office and locate said records.
On September 23, 1996 the court, O'Neill, J., found the defendant in violation of that order and further found him in contempt. The court ordered increasing fines if the defendant continued to violate the order.
The State alleges in its motion dated December 3, 1996 that the defendant continues to violate the order. It seeks a civil monetary penalty plus attorney fees and costs.
It should be noted, however, that the State no longer seeks compliance by the defendant with the court order.
This court held an evidentiary hearing on the motion. An employee of the State Health Department testified as to the defendant's non-compliance, which testimony this court finds credible. The defendant testified as to his alleged compliance which this court does not find to be credible. Accordingly, the court finds the State to have proven by clear and convincing evidence that the defendant continued to violate the court order and finds him in contempt.
The court must now decide what, if any, penalty should be assessed against the defendant.
Judicial sanctions in civil contempt proceedings may in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained. Demartino v.CT Page 583Monroe Little League, Inc., 192 Conn. 271, 278 (1984).
Where compensation is intended, a fine is imposed payable to the complainant based on his actual loss sustained by reason of the contumacious conduct of the offender and must depend on evidence of the actual loss. Dunham v. Dunham 217 Conn. 24, 40-42
(1991), DeMartino v. Monroe Little League, Inc., supra, 279.
In this case, any fine levied by this court cannot be coercive in nature because the State has stipulated that it no longer seeks enforcement of the order.
The remaining option left to the court is to assess a remedial fine against the defendant. Judge O'Neill's previous order of ever increasing fines against the defendant were conditioned on the defendant's failure to obey the court order. Such a fine was conditional and coercive and not absolute. Any such fine now levied by the court is subject, however, to evidence of actual loss to the State. Demartino, supra, 279. See also Dunham, supra, 41.
In this case, in the opinion of this court, the State presented insufficient evidence as to any damages suffered by it to warrant an order of remedial compensation.
Therefore, the court, although finding the defendant in contempt, declines to assess any fine against him.
Freed, J.